### In re REYNOLDS.

(District Court, N. D. New York. July 16, 1917.)

BANKRUPTCY ⬨➘136(2)—COURTS—POWER OF.

A trustee in bankruptcy asserted a claim to income arising under a testamentary trust in favor of the bankrupt on the ground that it was surplus income not necessary for her support and maintenance. The bankrupt entered into an ex parte application for an order directing the trustee to accept her bond with sufficient sureties conditioned to pay the amount in controversy, should it be determined the trustee was entitled thereto, and to require the trustee in bankruptcy to withdraw his claim or consent to payment of the fund to her. *Held* that, in the absence of specific statute authorizing the procedure, and as the amount in controversy could be paid into court and the rights of the parties then determined, the application for the order must be denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235.]

⬨➘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Florence I. Reynolds. Ex parte application by the bankrupt to require her trustee in bankruptcy to accept bankrupt's bond and withdraw a claim to a fund claimed by both trustee and bankrupt, or consent to payment of such fund to bankrupt. Application denied.

See, also, 243 Fed. 268.

This is an application for an order directing the trustee in bankruptcy of Florence I. Reynolds to accept a bond of the bankrupt with sufficient surety conditioned in effect that if it be adjudged in any action or proceeding that such trustee is entitled to a sum of money amounting to about $1,004 now in the hands of one Chas. C. Bullock, Jr., as trustee under the will of one Matthew H. Bender, deceased, alleged surplus income arising from a trust fund in the hands of said Bullock as trustee, and which surplus accrued due in part January 1, 1917, and in part July 1, 1917 (this of July 1, 1917, after the bankruptcy), and which sum is claimed both by the trustee in bankruptcy and the bankrupt, said bankrupt will pay such sum and all costs to the trustee in bankruptcy. This contemplates that, if such bond is accepted, the trustee in bankruptcy will either withdraw his claim to the fund or consent that the said trustee under the will pay said sum in question to said Florence I. Reynolds, the bankrupt. This application is made ex parte.

Mills & Mills, of Albany, N. Y., for petitioner.

RAY, District Judge (after stating the facts as above). The trustee under the will of Matthew H. Bender is now holding this sum of money, conceded to have been earned and in his hands and ready to be paid to the one entitled thereto, but he is confronted with the conflicting claims thereto of Florence I. Reynolds and of her trustee in bankruptcy. The bankrupt claims her trustee in bankruptcy has no claim to the money and no interest therein. The trustee, on the other hand, claims it is surplus income applicable to the payment of her debts existing prior to such bankruptcy, and that title passed to the trustee in bankruptcy, or at least, that the trustee occupies the position of creditors with execution, and may enforce the claim of the creditors of Florence I. Reynolds to this fund.

We have the case of two claimants to the fund now in the hands of Mr. Bullock, Jr., as trustee under the will of Mr. Bender, and who makes no claim thereto, but is perfectly willing to pay it to the party entitled thereto. Assuming the fund to be a specific one, it would seem that it might be paid into court, leaving the two claimants to bring action and determine title. It may be necessary to have Mr. Bullock a party to any suit brought. But, however this may be, I do not see that this court has any power or jurisdiction to compel or direct the trustee in bankruptcy to forego his claim as such trustee to the money, accept a bond, and consent that the money be paid by the trustee under the will to Florence I. Reynolds on the giving of such bond. I am not pointed to any statute authorizing such an order. In the absence of some specific statute authorizing it, I am of the opinion such an order and bond would be nullities. Clearly the trustee under the will, in face of these two conflicting claims and demands, ought not to pay over the money, except on the judgment or decree of some court of competent jurisdiction, or on the consent of the claimants. Either the trustee in bankruptcy is entitled to this money or he is not, and if he is that fact

can be determined in an appropriate action or proceeding and judg-
ment rendered accordingly. Generally the court has control over a
trustee in bankruptcy in dealing with the assets of the estate, but I do
not think this power of the court is broad enough to authorize an order
directing him as trustee to consent that the money in dispute be paid to
the adverse claimant, and that he accept the bond of such claimant,
with surety, to pay an equal amount, with interest and costs, if it be
determined that the money did not belong to the one to whom it was
paid. If the money is paid to Florence I. Reynolds with the consent
of the trustee in bankruptcy, whom will the trustee sue? What will be
the form of action? It seems to me such a proceeding is unauthorized.
The law and equity has given a remedy in such a case, and I do not see
that the bankruptcy court has power to create a new one.

Application denied.